904 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Lucio A. BARRAGO.
In re Lucio A. BARRAGO.
 Nos. 89-1376, 90-1080.
 United States Court of Appeals, Federal Circuit.
 April 4, 1990.
 
 ON MOTION
 Before ARCHER, Circuit Judge, and BALDWIN and BENNETT, Senior Circuit Judges.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 The Commissioner of Patents and Trademarks moves to dismiss appeal no. 89-1376 on the ground that it was not timely appealed. Lucio A. Barroga opposes the motion. Barrago appeals (no. 90-1080) the Commissioner's September 15, 1989 decision denying Barroga's petition to extend the time for filing his notice of appeal.
 
 
 2
 On November 30, 1988, the Board of Patents Appeals and Interferences affirmed the decision of an examiner rejecting certain claims in Barroga's patent application. Pursuant to 37 C.F.R. Sec. 1.304(a), a notice of appeal was due to be filed in the PTO within 60 days, i.e., by January 30, 1989. Barroga mailed notices of appeal to this court and to the PTO on January 27, 1989. This court received the notice on January 31, 1989, one day late. The PTO states that it never received a notice of appeal. However, in his informal brief filed here, Barroga attaches a certified mail receipt showing his mailing date of January 27 and receipt by the PTO on February 1, 1989.
 
 
 3
 This court transmitted its notice of appeal to the PTO and directed the Commissioner to provide Barroga with the opportunity to petition the Commissioner for a waiver of the rules. 37 C.F.R. Sec. 1.183.
 
 
 4
 Barroga, who is proceeding pro se, balked at the PTO provision that requires that a fee be paid in order to file a petition.[1] After exchanges of correspondence, the Commissioner set September 1, 1989 as a deadline for Barroga to file a petition accompanied by the fee. When Barroga's September 6 petition arrived, the Commissioner treated it as untimely and, on September 15, 1989, denied Barroga's petition for an extension of time.
 
 
 5
 In essence, Barroga argues here that the Commissioner abused his discretion in refusing to extend the appeal time because Barroga reasonably allowed three days for mail time. The Commissioner argues that he did not abuse his discretion in refusing to extend the appeal time.[2]
 
 
 6
 We find the question of whether the Commissioner abused his discretion to be a difficult one. We appreciate that Barroga was not the most responsive of petitioners. On the other hand, he was and is proceeding pro se and it is apparent that he did not fully understand what was expected of him or the consequences of his action or inaction. We find it troubling that the Commissioner did not address Barroga's petition on the merits. We find it troubling that the Commissioner granted a petition to extend the appeal time in somewhat similar circumstances where counsel was involved while he denied it here where a pro se was involved.[3] July 13, 1989 Order at 2-3. In view of all the circumstances here, we determine that the Commissioner abused his discretion in not granting Barroga an extension of time.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Commissioner's September 15, 1989 order is vacated.
 
 
 9
 (2) The Commissioner's motion to dismiss appeal 89-1376 because it is untimely is denied.
 
 
 10
 (3) The due date for the Commissioner's brief in 89-1376 should be computed from the date of filing of this order.
 
 
 
 [1]
 Barroga was granted in forma pauperis status in this court
 
 
 [2]
 The Commissioner also argues that review of this matter is only by way of 28 U.S.C. Sec. 1651(a). We disagree
 
 
 [3]
 In Franklin Pierce Law Center, Inc. v. Georgetown Univ. (opposition No. 76.021/appeal No. 89-1484) the notice of appeal was mailed on April 27, 1989, was due on May 1, 1989, and was received by the PTO on May 5, 1989. The Commissioner stated:
 Counsel for Petitioner states in a declaration filed with the petition that the notice of appeal was mailed first-class to the Commissioner of Patents and Trademarks on April 27, 1988, which would have allowed three calendar days to reach the PTO. The PTO has previously considered the problem of mail delays with respect to filing papers in the office. See, e.g., Manual of Patent Examining Procedure, Sec. 711.03(c). Under current practice and the circumstances addressed, it was determined that when first-class mail is used, one may reasonably expect a communication to reach the PTO on a given date it if is mailed more than three calendar days prior to the due date. Thus, allowing three full calendar days when using first-class mail seems reasonable when filing a notice of appeal. We also note that the express mail provision set forth in 37 CFR Sec. 1.10 is available but not mandatory.
 The time to file a notice of appeal to the Federal Circuit may be extended by the Commissioner upon a showing of sufficient cause. 37 CFR Sec. 2.145(d). See Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 231 USPQ 560 (Comm'r Pat 1986).
 Since the Petitioner's notice of appeal was mailed on April 27, 1989, more than three full calendar days prior to the due date, the delay resulting from the postal service is sufficient cause for purposes of granting an extension of time under 37 CFR Sec. 2.145(d), the PETITION UNDER 37 CFR Sec. 2.146 TO EXTEND TIME FOR FILING OF NOTICE OF APPEAL UNDER 37 CFR 2.145 is granted.